Judge Wood
delivered the opinion of the court:
A question of fact is presented in this case, as to the complainant’s assent to the execution of the bond by his partner. This allegation is averred by the respondents in their answer, but this averment avails nothing as proof, because it is not in response to-anything charged in the bill. Besides this, the answers of the complainant and others, to the interrogatories propounded in the respondent’s answer, make a strong impression that the complainant knew nothing of the bond and warrant of attorney, until after the confession' of judgment.
It is well settled that one partner can not bind his copartner by bond under seal, unless specially authorized to do so. There is, in this case, no evidence of any such authority, or *of any ratifieation of the bond or warrant of attorney, in act or deed, by the-complainant. He can not then be concluded by them. The warrant of attorney conferred no power from the complainant upon the attorney who acted under it in confessing the judgment, and the ease must be one for relief somewhere. Can it be obtained by bill in chancery?
This question has been decided in Critchfield v. Porter, 3 Ohio,. 522. That was a case where an attorney appeared for the complainant without authority in a suit at law, went to trial, and a verdict and judgment were rendered against the complainant, who filed his bill in equity for relief. The court say the complainant has relief at law, by motion in court, where the judgment was rendered; that it was fully competent for the court to give the complainant all therelief, on motion, he could obtain in acourtof equity; that it had become one of the plain and accustomed remedies of a court of law to afford full and adequate relief against judgments, irregularly or improperly obtained, when there had been no fault nor negligence on the part of the judgment debtor; and this relief is to be had on a motion to set aside the judgment addressed to the court by whom it was rendered, and upon whose records-it remains. Consequently, he can not be relieved in equity, and this bill must be dismissed.